# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCESCA ANDERSON<br>SABRETHA ERVIN TURNER<br>SABRINA MORELL<br>JACOB ABADARIKI<br>NADEEM ABBAS<br>MARLEEN ABDELMALAK<br>SHAKIRU ABIMBOLA<br>AVROM ABRAMOV<br>ALLA ABRAMOVA<br>ALBANIA ABREU<br>LISA ADAMS<br>MULIKA ADAMS<br>LUCY ADDUCI<br>ESTHER ADEBAYO<br>EMILY ADEGOR<br>SAKEEB ADEKUNLE<br>OLAYODE ADENOWUN<br>OLUFUNKE ADERINKOMI<br>PETER ADEWUSI<br>IJEOMA ADEWUYI<br>AINA ADEYEMI<br>GEORGE ADEYEMI<br>JACOB ADEYENI<br>ANUKUL ADHIKARY<br>SHANEQUA ADKINS<br>DASHANA ADONIS<br>ALEXANDRA ADRIEN<br>OFELIYA AGASHIYEVA<br><br>    **Plaintiffs,**<br><br> v.<br><br>**CITY OF NEW YORK,**<br><br>    **Defendant.** | Civil Action No. 24-cv-03473<br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

Plaintiffs, by and through their counsel, the law firms of McGillivary Steele Elkin LLP and Spivak Lipton LLP, for their complaint against the City of New York ("Defendant" or "the City"), state as follows:

**INTRODUCTION**

1. Plaintiffs are current and former employees of the Defendant, City of New York, employed by the Human Resources Administration (HRA) in the position of Job Opportunity Specialists ("JOS") or Associate Job Opportunity Specialists 1 ("AJOS 1"). Plaintiffs bring this action against Defendant for back pay, liquidated damages, attorneys' fees and costs, and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's failure to pay Plaintiffs overtime compensation to which Plaintiffs are entitled under the FLSA. Plaintiffs are similarly situated to each other because, while employed in the positions of JOS and/or AJOS 1, they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant suffered or permitted Plaintiffs to perform uncompensated overtime work outside of their paid shifts and during their unpaid meal periods. Plaintiffs are also similarly situated to each other because, while employed as JOS and/or AJOS 1s, they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant fails to properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based and fails to pay overtime compensation in a timely manner.

**PARTIES**

3.  All Plaintiffs identified in the caption gave their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A. These written consent forms set forth each Plaintiff's name and address.

4.  Each of the Plaintiffs in this action while employed by Defendant has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5.  Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

**JURISDICTION AND VENUE**

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS**

8.  Plaintiffs are, and/or at all times material herein have been employed by Defendant in HRA in the positions of JOS and/or AJOS 1.

9.  Plaintiff Francesca Anderson is employed by the City as a JOS at the Crotona Center #46, 1910 Monterey Avenue in the Bronx, N.Y. Plaintiff Sabretha Ervin-Turner is employed by the City as an AJOS 1 at the Clinton Hill Job Center, 495 Clermont Avenue, in Brooklyn, NY. Plaintiff Sabrina Morell is currently employed by the City as an AJOS 1 at the Rider Center #38,

305 Rider Avenue in the Bronx, N.Y., and was employed as a JOS at the Rider Center until December 2023. These Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated JOS and AJOS 1s who work or have worked for Defendant at all times material herein.

10. Within the last three years and continuing to date, while working in the position of JOS on behalf of Defendant, the job duties of Plaintiffs and all others similarly situated include providing economic support and employment related services to persons in need, promoting individual and family self-sufficiency, as well as various other duties and activities related to serving the citizens of New York City. Plaintiffs working in the position of JOS accomplish these tasks by meeting with and interviewing clients, gathering information for benefits and social services applications, and processing and completing reports within computer systems managed by both the City and the state of New York, among other things.

11. Within the last three years and continuing to date, while working in the position of AJOS 1 on behalf of Defendant, Plaintiffs' job duties are to assist in the day-to-day work performed by JOS employees, to monitor and take action in cases to ensure that participants in certain City public assistance programs are actively engaged in seeking employment and satisfying their obligations, as well as various other duties and activities related to serving the citizens of New York City. Plaintiffs working in the position of AJOS 1 accomplish these tasks by meeting with and interviewing clients, gathering information for benefits and social services applications, and processing and completing reports within computer systems managed by both the City and the state of New York, among other things.

12. Specifically, within the last three years and continuing to date, while working in the position of JOS and AJOS 1s Plaintiffs and all others similarly situated perform the following job

4

duties, depending on the division to which they are assigned: (1) interviewing clients, gathering documentation, inputting that documentation into the Agency's computer system, and determining eligibility for public assistance, medical assistance, and/or food stamps; (2) obtaining documentation mandated by a court or Agency decisions regarding a client's benefits; and/or (3) tasks related to representing and defending the Agency before hearing officers of the State of New York in actions by clients challenging the services provided.

13. AJOS 1s also conduct quality checks, provide assistance to JOS employees, and review authorizations.

14. While working as JOS and/or AJOS 1s, Plaintiffs and all others similarly situated regularly work 40 hours a week. Plaintiffs are regularly scheduled to work five days a week, for seven hours each day plus a one-hour uncompensated lunch break. However, Plaintiffs also regularly work at least five hours of preapproved, compensated overtime each week, for a total of 40 or more hours per week of compensated work time.

15. In addition to their scheduled shifts and their preapproved, compensated overtime, Plaintiffs routinely work additional hours such that they work over 40 in a workweek, but Defendant fails to compensate Plaintiffs and all others similarly situated for all of these hours over 40 per week at a rate of one and one-half times their regular rate of pay. Specifically, Defendant fails to compensate Plaintiffs and all others similarly situated for hours worked outside of their scheduled shifts and outside of preapproved overtime, and for work performed during their unpaid 60-minute meal periods.

16. Additionally, when Plaintiffs perform preapproved overtime for which Defendant does compensate them, Defendant nevertheless systematically fails to pay them for this overtime

work at the correct regular rate of pay or in a timely fashion, regularly paying them weeks late after the overtime has been worked.

17. Defendant captures the work hours of Plaintiffs, including time spent working outside of their scheduled shifts, on Defendant's timekeeping system, "CityTime," which is maintained and accessible at Plaintiffs' work locations. Time that is recorded but worked outside Plaintiffs' scheduled shifts is categorized as "noncompensable hours" or "uncompensated hours" in the CityTime system, and Plaintiffs are not paid for that time even though, as explained below, Defendant has suffered or permitted them to perform uncompensated overtime work during that time. In addition, CityTime automatically deducts one hour each day for Plaintiffs' uncompensated meal periods, regardless of whether or not Plaintiffs work through all or part of their uncompensated meal period. Defendant also categorizes this hour as "uncompensated" or "noncompensable."

### *Defendant's Fair Labor Standards Act Violations Are Willful*

18. CityTime tracks Plaintiffs' work time on a minute-by-minute basis. However, Defendant does not pay Plaintiffs on a minute-by-minute basis. This is because when the Defendant programmed and implemented CityTime, it chose to utilize a "pay-to-schedule" system (i.e., one that, by default, pays employees for their scheduled work hours) rather than a "pay-to-punch" system (i.e., one that, by default, pays employees for all the time between punch in and punch out).

19. Defendant is well aware that its "pay-to-schedule" system fails to capture Plaintiffs' actual working hours and instead registers FLSA-compensable time as "uncompensated" time. For example, in *De La Cruz v. City of New York*, the trial court granted summary judgment for a collective of Plaintiffs on FLSA claims — identical to the claims brought in this matter — that the

City had failed to compensate JOS and AJOS 1 workers for time worked outside of their scheduled shifts and during mealtimes, where that time was in part recorded as "uncompensated" in CityTime. *De La Cruz v. City of New York,* 1:14-cv-09220 (PGG), 2017 WL 11591568, at *4, *23-25 (S.D.N.Y. Sept. 30, 2017). The *De La Cruz* case involved some of the very same JOS and AJOS 1s who are in this case and who are subject to the same policies as described herein including the same CityTime system. The *De La Cruz* case as it relates to JOS and AJOS 1s was resolved on May 5, 2022.

20. Another group of JOS and AJOS 1s — some of whom are Plaintiffs in this matter — brought claims identical to those described below in a follow-up case to *De La Cruz* titled *Feiner v. City of New York*, 1:16-cv-08671-PGG. The *Feiner* matter was resolved December 16, 2022.[1]

21. Defendant has failed to conduct an audit or otherwise investigate any of the Plaintiffs' work minutes captured by CityTime as "uncompensated" or "noncompensable" time, including but not limited to what Plaintiffs are actually doing during their recorded, "uncompensated" or "noncompensable" out-of-shift and meal period times.

22. Since the 2017 summary judgment decision in *De La Cruz*, and since the resolution of *De La Cruz* and *Feiner*, the City has failed to take any steps to bring HRA's pay policies and practices into compliance with the FLSA.

23. Defendant is also aware of its obligation to pay employees for overtime work that is suffered or permitted, even if employees do not make a request for overtime compensation for that work or if that time has not preapproved by Plaintiffs' superiors. *See, e.g.*, *De La Cruz*, 2017 WL 11591568 at *22-25 (granting summary judgment for JOS and AJOS 1 workers on FLSA claims

---

[1] Plaintiffs who previously litigated FLSA claims in *Feiner* have a recovery period start date in this matter of December 16, 2022.

7

that they worked uncompensated overtime of which their managers were aware, despite failure to seek preapproval or otherwise request compensation in CityTime); *Perez v. City of New York*, 12 Civ. 4914 (PAE), 2017 WL 43261052017, at *12-13 (S.D.N.Y. Sept. 27, 2017) (rejecting City's argument that it was entitled to summary judgment on hours plaintiffs "did not properly report" in CityTime system, where "ample record evidence" demonstrated that the City nevertheless knew or had reason to know plaintiffs were working unreported overtime hours).

24. The former New York City Corporation Counsel has admitted, under oath, that it is an employer's responsibility to ensure that employees get paid for work about which the employer is aware. *Perry v. City of New York*, Case No. 1:13-cv-1015 (S.D.N.Y.), Dkt. 281 (Trial Tr. Oct. 16, 2019) at 969 ("[I]t would be . . . the supervisor's responsibility to ensure that the employees get paid for work about which the employer is aware; correct?" "Correct."). *See also De La Cruz*, 2017 WL 11591568 at *9 ("[T]he City's chief employment lawyer . . . concedes that where a manager observes an employee working [outside of their shift], the manager has an obligation to make sure that employee is compensated for that time, even if the employee did not obtain pre-approval[.]") (citations omitted).

25. Plaintiffs' managers are aware of when Plaintiffs are working, and the nature and timing of the work, even if it happens outside of the Plaintiffs' scheduled shifts, or during a meal period due to: certain of the software programs that Plaintiffs must use to perform their job duties; managers share physical office space with Plaintiffs; and other factors inherent in the job duties and work environment of Plaintiffs and their managers, such as time stamps on emails.

26. Defendant has not disciplined any HRA employee for performing unpaid work outside of their scheduled shifts or for working without pay during their meal periods.

27. Nevertheless, at all times relevant — and even after the liability decisions involving the *De La Cruz* Plaintiffs in the titles of JOS and AJOS 1 — Defendant has failed, and continues to fail, to compensate Plaintiffs and those similarly situated for overtime work that they perform with their managers' knowledge, and which is recorded in the CityTime system as "noncompensable hours." Defendant has also failed, and continues to fail, to compensate Plaintiffs and those similarly situated for work Plaintiffs perform with their managers' knowledge during their auto-deducted meal period, unless such overtime had been formally pre-approved.

28. Plaintiffs' timekeeping and payroll data is in Defendant's exclusive possession and is not readily available to Plaintiffs. Plaintiffs' CityTime records and payroll data are not readily available to Plaintiffs because they are "maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained for more than two years, and require[] a separate search for each pay period." *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC, Dkt. 66 (S.D.N.Y. Oct. 18, 2017) at 3.

### ***Uncompensated Work Performed by Plaintiffs and All Others Similarly Situated***

29. While working in JOS and/or AJOS 1 positions, Plaintiffs and all others similarly situated routinely work over 40 hours in a week. Plaintiffs are scheduled for five shifts of eight hours in length each week, with one hour automatically deducted from each shift as an uncompensated meal period. However, because Plaintiffs regularly work at least five hours of preapproved, compensated overtime each week, Plaintiffs and all others similarly situated regularly perform a minimum of 40 hours of work per workweek.

30. In addition to their 40 hours of regularly scheduled shifts and compensated overtime, Plaintiffs and all others similarly situated frequently work additional hours in which they perform their regular job duties, but do not receive compensation. Specifically, Plaintiffs routinely work

additional hours outside of their regularly scheduled shifts and during their unpaid meal periods, all without compensation. Plaintiffs and all others similarly situated are suffered or permitted by the Defendant to perform work outside of their scheduled shifts. Such work includes, but is not limited to, the tasks listed in Paragraphs 10-14.

31. Plaintiffs and all others similarly situated are suffered or permitted by the Defendant to work during some or all of their 60-minute unpaid meal periods performing their regular job duties (those listed in Paragraphs 10 to 13 ) but are not compensated for this work time.

32. For example, Plaintiff Francesca Anderson routinely works over 40 hours in a workweek in her job as a JOS, performing the job duties described in Paragraphs 10 and 12. When she does so, the City fails to compensate her for all of her work time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 12 outside of her scheduled shift and during her 60-minute unpaid meal period. Plaintiff Anderson routinely works through her uncompensated meal periods approximately 4-5 times per week. Specifically, for example, during the week of January 28 – February 3, 2024, Plaintiff Anderson worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to those at least 40 hours of paid time, she worked approximately 2 hours and 45 minutes hours of unpaid overtime outside of her scheduled shift, and through 4 unpaid meal periods. Plaintiff Anderson therefore spent approximately 6 hours and 45 minutes of unpaid overtime performing work tasks and duties enumerated in Paragraphs 10 and 12 but was not compensated for that time.

33. For example, Plaintiff Sabretha Ervin-Turner routinely works over 40 hours in a workweek in her job as an AJOS 1, performing the job duties described in Paragraphs 11 and 13. When she does so, the City fails to compensate her for all of her work time, including but not limited to time spent performing tasks enumerated in Paragraphs 11 and 13 outside of her

scheduled shift and during her 60-minute unpaid meal period. Plaintiff Ervin-Turner routinely works through her uncompensated meal periods approximately 4-5 times per week. Specifically, for example, during the week of January 22 – January 28, 2023, Plaintiff Ervin-Turner worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to those at least 40 hours of paid time, she worked approximately 3 hours of unpaid overtime outside of her scheduled shift, and through 4 unpaid meal periods. Plaintiff Ervin-Turner therefore spent approximately 7 hours of unpaid overtime performing work tasks and duties enumerated in Paragraphs 11 and 13 but was not compensated for that time.

34. For example, until she became an AJOS 1 in December 2023, Plaintiff Sabrina Morell routinely worked over 40 hours in a workweek in her job as a JOS performing the job duties described in Paragraphs 10 and 12. When she did so, the City failed to compensate her for all of her work time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 12 outside of her scheduled shift and during her 60-minute unpaid meal period. Plaintiff Morell routinely worked through her uncompensated meal periods approximately 3 times per week. Specifically, for example, during the week of November 26 – December 2, 2023, Plaintiff Morell worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to those at least 40 hours of paid time, she worked approximately 1 hour of unpaid overtime outside of her scheduled shift, and through 3 unpaid meal periods. Plaintiff Morell therefore spent approximately 4 hours of unpaid overtime performing work tasks and duties enumerated in Paragraphs 10 and 12 but was not compensated for that time.

35. For example, after she became an AJOS 1 in December 2023, Plaintiff Sabrina Morell routinely has worked over 40 hours in a workweek, performing the job duties described in Paragraphs 11 and 13. When she does so, the City fails to compensate her for all of her work time,

11

including but not limited to time spent performing tasks enumerated in Paragraphs 11 and 13 outside of her scheduled shift and during her 60-minute unpaid meal period. Plaintiff Morell routinely works through her uncompensated meal periods approximately 3 times per week. Specifically, for example, during the week of February 25 – March 2, 2024, Plaintiff Morell worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to those at least 40 hours of paid time, she worked approximately 2 hours and 30 minutes of unpaid overtime outside of her scheduled shift, and through 3 unpaid meal periods. Plaintiff Morell therefore spent approximately 5 hours and 30 minutes of unpaid overtime performing work tasks and duties enumerated in Paragraphs 11 and 13 but was not compensated for that time.

36. All JOS and AJOS 1s employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 because Defendant fails to compensate JOS and AJOS 1s for work that is recorded in CityTime but not preapproved outside of their scheduled shifts and for work that is not preapproved performed during the meal period. In addition to the examples set forth in Paragraphs 32 to 3235 , the amount of overtime work for which Plaintiffs and those similarly situated have not been paid can be identified through the Defendant's timekeeping system and through other work and pay records.

### *The Rate at Which Overtime is Paid*

37. Plaintiffs and all others similarly situated routinely work at least two hours of continuous overtime in the evenings beyond their regular shift times, which causes them to work overtime past 6 pm. For example, during the week of January 28 – February 3, 2024, Plaintiff Anderson spent an evening working at least 2 hours of continuous overtime, causing her to work past 6 pm. Similarly, during the week of January 28 – February 3, 2024, Plaintiff Morell spent an

evening working at least 4 hours of continuous overtime, causing her to work past 6 pm. Further, during the week of January 22 – January 28, 2023, Plaintiff Ervin-Turner spent an evening working at least 2 hours of continuous overtime, causing her to work past 6 pm. Plaintiffs earned meal allowances on these occasions.

38. When Plaintiffs and all others similarly situated work in the evenings beyond their regular shift times, they receive a meal allowance if they work at least two hours of continuous overtime. Plaintiffs are taxed on the meal allowance as income. Defendant, through its payroll system, deducts taxes from this payment. Additionally, the meal allowance is paid regardless of whether Plaintiffs purchase food with it; it is not a reimbursement for actual expenses. Defendant does not require Plaintiffs to submit receipts in order to receive their meal allowance.

39. Additionally, when Plaintiffs and all others similarly situated work in the evenings beyond their regular shift, they earn night shift differential pay of 10% of their hourly rate of pay in addition to their regular hourly rate of pay. For example, Plaintiffs Anderson, Morell, and Ervin-Turner earned night shift differential on the occasions listed in Paragraph 37.

40. However, in calculating overtime payments for Plaintiffs in weeks in which Plaintiffs worked in excess of 40 hours and receive a meal allowance and/or night shift differential, Defendant fails to include the meal allowance and/or the night shift differential in the regular rate of pay at which overtime is paid to the Plaintiffs.

41. In *De La Cruz*, 1:14-cv-09220, 2017 WL 11591568, at *32-35 (S.D.N.Y. Sept. 30, 2017), the Court found that undisputed evidence demonstrated that the City failed to include meal allowances and night shift differentials in JOS and AJOS 1 employees' regular rates of pay in violation of the FLSA.

***Late Payment of Overtime Worked***

42. In those instances in which Defendant has compensated Plaintiffs and those similarly situated for working in excess of 40 hours a week, Defendant is required to "approve" requests for overtime compensation prior to paying Plaintiffs for that time. Due to delays in "approval" of overtime compensation by Defendant and its managers, or for other reasons that are unrelated to Defendant's ability to determine the amount of overtime compensation that is owed to Plaintiffs, Defendant routinely pays Plaintiffs for their overtime work more than one pay period after the date that Plaintiffs have been paid for their non-overtime work hours for that week (i.e., more than two pay periods after the overtime was worked).

43. Defendant has violated the basic principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek by weeks, and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

44. For example, while working as JOS and AJOS 1s during the last three years, Plaintiffs, including Anderson, Ervin-Turner, and Morell, worked pre-approved overtime hours for which they were not promptly compensated in a timely fashion. Specifically, through no fault of the Plaintiffs, Defendant did not pay Plaintiffs for this overtime until at least 30 days after the overtime was worked.

45. All JOS and AJOS 1s employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek, but are routinely compensated for pre-approved overtime work in an untimely manner (i.e., more than two pay periods after the overtime was worked). The

precise amount of untimely paid overtime received by each JOS and AJOS 1 Plaintiff can be identified through the Defendant's timekeeping system and through other work and pay records.

## COUNT I

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

46. Plaintiffs hereby incorporate by reference Paragraphs 1 through 45 in their entirety and restate them herein.

47. At all times material herein, during those workweeks in which Plaintiffs, and all others similarly situated, have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to when they are performing tasks enumerated in Paragraphs 10-14, outside of their scheduled shifts and without compensation, all of which is recorded on Defendant's timekeeping system CityTime. Plaintiffs, and all others similarly situated, also have performed work, including but not limited to the tasks enumerated in Paragraphs 10-14, during their unpaid meal periods. This work outside of Plaintiffs' shifts and during their meal periods has caused Plaintiffs to work in excess of 40 hours in a given week. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

48. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and all others similarly situated for work that they have

been suffered or permitted to work outside of their official shifts, and during their uncompensated meal periods.

49. As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA.

50. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

51. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

52. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

53. Plaintiffs hereby incorporate by reference Paragraphs 1 through 52 in their entirety and restate them herein.

54. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be

included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain types of additional compensation, such as a meal allowance and night shift differential, in Plaintiffs' regular rates of pay for purposes of computing overtime pay entitlements of Plaintiffs and of all others similarly situated, resulting in Defendant paying Plaintiffs for overtime work at a rate that is below the rate mandated by the FLSA. Defendant's failure to include all applicable forms of compensation in Plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).

55. As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

56. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay proper overtime compensation.

57. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

### FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME IS WORKED

58. Plaintiffs hereby incorporate by reference paragraphs 1 through 58 in their entirety and restate them herein.

59. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying for weeks, Plaintiffs' overtime payments for working in excess of 40 hours a week, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments, management withholding such payments until the next budgetary quarter, or some other reason unrelated to Defendant's ability to calculate the amount owed to Plaintiffs.

60. As this court recognized in *Accosta, et al. v. Lorelei Events Grp. Inc., et al.*, "[w]hile 'the Second Circuit has no bright line rule for determining what qualifies as an 'unreasonable' amount of time for an employer to delay paying its employees,' several courts have held that 'two weeks is an unreasonably amount of time for an employer to delay a paycheck [under the FLSA].'" No. 7:17-cv-07804 (NSR), 2022 WL 195514, at *4 (S.D.N.Y. Jan. 21, 2022) (quoting *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565 (PKC) (RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018)); *see also Ortiz v. BK Venture Grp. Ltd.*, 2024 U.S. Dist. LEXIS 55354, at *17, n.4 (E.D.N.Y. Mar. 23, 2024 (same). Here, Defendant's failure to pay Plaintiffs

FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

61. As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

62. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

63. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

(a) Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b) Award Plaintiffs and those similarly situated monetary damages in the form of back pay for their unpaid compensation;

(c) Award Plaintiffs and those similarly situated monetary liquidated damages equal to their unpaid compensation;

(c) Award Plaintiffs and those similarly situated interest on their unpaid compensation;

(d) Award Plaintiffs and those similarly situated their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Hope Pordy*
Hope Pordy
Elizabeth Sprotzer
SPIVAK LIPTON LLP
1040 Avenue of the Americas, 20th Flr
New York, NY  10018
Phone: (212) 765 2100
hpordy@spivaklipton.com

*/s/ Diana J. Nobile*
Diana Nobile (pro hac vice forthcoming)
Gregory K. McGillivary (pro hac vice forthcoming)
Sarah M. Block
Rachel Lerner (pro hac vice forthcoming)
MCGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855